UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16cv231-FDW

| ANTHONY DANE ELLIS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| FRANK L. PERRY, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court upon initial review of Petitioner Anthony Dane Ellis's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court is Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. No. 4.)

On November 10, 2016, the U.S. District Court for the Eastern District of North Carolina received Petitioner's habeas Petition. The Eastern District transferred Petitioner's case to this Court, where venue is proper, on December 28, 2016.

Petitioner makes one request of this Court: to order than his consecutive state court sentences be run concurrently. The "Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996" gives the federal district courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also 28 U.S.C. § 2254(a). Petitioner does not contend that his state convictions and/or sentences violate the Constitution or laws or treaties of the United States. Therefore, this Court does not have jurisdiction to consider Petitioner's request. See § 2241(c)(3). Nor does it have jurisdiction to grant the relief Petitioner seeks in any

1

case.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED without prejudice**;

2. Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 4) is **GRANTED** for the limited purpose of this Court's review; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: February 13, 2017

Frank D. Whitney
Chief United States District Judge